USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/18/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
INTERNATIONAL ASSOCIATION OF
HEAT AND FROST INSULATORS and
ALLIED WORKERS LOCAL UNION NO.
12A and TRUSTEES OF LOCAL 12A
HEALTH AND ANNUITY FUNDS,

                    Plaintiffs,

        -against-

CAC OF NY INC.,

                    Defendant.
------------------------------------------------------------ X

**MEMORANDUM OPINION AND ORDER**

13-cv-00039(SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        This is an action pursuant to sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"),[1] section 301 of the Labor-Management Relations Act of 1947 ("LMRA"),[2] and for breach of contract, seeking payment of delinquent fringe benefit contributions and union dues checkoffs owed by defendant CAC of NY Inc. ("CAC"). Plaintiffs — International Association of Heat and Frost Insulators and Allied Workers Local

---

[1]     *See* 29 U.S.C. §§ 1132(a)(3) and 1145.

[2]     *See id.* § 185.

1

Union No. 12A ("Local 12A") (together "Unions") and Trustees of Local 12A Health and Annuity Funds ("Funds") — have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 ("Rule 56"). CAC — an unrepresented corporation — has failed to file opposition to this motion.[3] For the following reasons, plaintiffs' motion is GRANTED.

## I.   BACKGROUND[4]

Unions are labor organizations as defined in section 185 of Title 29 of the United States Code. They represents workers performing asbestos and hazardous waste removal in New York City and Long Island.[5] The Funds administer jointly-trusteed, multiemployer benefit plans in an industry affecting interstate commerce.[6]

The parties are signatories or third-party beneficiaries to a collective

---

[3]   According to plaintiffs' counsel, CAC "has ceased its business operations." 6/19/14 Declaration of Cynthia Devasia, Esq. in Support of Plaintiffs' Rule 56 Motion for Summary Judgment ("Devasia Decl.") ¶ 23.

[4]   The facts are drawn from plaintiffs' Local Civil Rule 56.1 Statement ("Pl. 56.1"), the declarations submitted in connection with this motion and the exhibits attached thereto, and the January 2, 2013 Complaint ("Compl.").

[5]   Pl. 56.1 ¶ 2.

[6]   *See* Devasia Decl. ¶ 5.

bargaining agreement ("Agreement").[7]  While Local 12A and Laborers Local 78 of the Laborers' International Union of North America ("Local 78") are unaffiliated, they are the duly recognized exclusive collective bargaining agent of employees covered by the Agreement.  As such, the two unions share trade and geographical jurisdiction.  Under the Agreement, each job is subject to a staffing ratio that requires a specific percentage of workers from both unions — sometimes Local 78 provides eighty percent of the workforce while Local 12A provides twenty percent, but at other times, the percentage is reversed.[8]

      Under the Agreement, defendant was obligated to pay fringe benefit contributions to the Funds.  It was also obligated to pay over union dues collected from employee wages to the Funds.[9]  These payments were due weekly.  Defendant's employees, members of the Unions and participants in the Funds, performed work governed by the Agreement during the period January 2007

---

[7]    *See* 12/21/07 Trade Agreement Between the Mason Tenders' District Counsel of Greater New York and Laborers Local 78 of the Laborers' International Union of North America and Local 12A Abatement of the International Association of Heat and Frost Insulators and Asbestos Workers and the Employer, Ex. A to Devasia Decl.

[8]    *See* Pl. 56.1 ¶ 6 (citing Agreement Art. 1 § 1; Art. III § 2; Art. IV § 2).

[9]    *See id.* (citing Agreement Art. VIII §§ 1, 2).

through December 31, 2009 (the "Pay Period").[10]

Pursuant to Article VII, section 13 of the Agreement, the Unions had the right to conduct an audit of defendant's books and records to ensure all fringe benefit contributions and union dues obligations have been paid in full.  Joseph Stern, a Certified Public Accountant, performed an audit of defendant's books and records, and issued findings on or about September 28, 2010.[11]  According to this report, CAC failed to pay $125,355.28 in fringe benefit contributions and $26,103.50 in union dues remittance during the Pay Period.[12]

In response to objections to the audit, the numbers were revised to $95,679.63 in fringe benefit contributions and $19,802.90 in dues remittance.[13]  In addition, plaintiffs have concluded that one worker did not become a Local 12A member until March 2009, requiring a $755 reduction.  Accordingly, plaintiffs seek the principal amount of $114,726.98.[14]  They also seek $28,447.01 in interest,

---

[10]    *See id.* ¶ 8.

[11]    *See* 9/28/10 Contribution Reconciliation Audit Report by Joseph M. Stern, Ex. C to Devasia Decl.

[12]    *See* Pl. 56.1 ¶¶ 10-11.

[13]    *See id.* ¶¶ 12-13 (citing 12/14/11 Revised Contribution Reconciliation Report by Joseph M. Stern, Ex. D to Devasia Decl. ("Revised Audit")).

[14]    *See id.* ¶¶ 22-23.

$6,228.00 in audit costs, $28,447.01 in liquidated damages, $11,300.00 in attorney's fees, and $407.26 in costs and disbursements, for a total amount sought of $189,556.26.[15]

## II.   LEGAL STANDARD

Summary judgment is appropriate "only where, construing all the evidence in the light most favorable to the non-movant and drawing all reasonable inferences in that party's favor, there is 'no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law.'"[16]  "A fact is material if it might affect the outcome of the suit under the governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[17]

"[T]he moving party has the burden of showing that no genuine issue of material fact exists and that the undisputed facts entitle [it] to judgment as a

---

[15]   *See* Plaintiffs' Statement of Damages, Ex. H to Devasia Decl. Plaintiffs correctly calculate interest at a rate of 3.32% from January 1, 2007 through June 19, 2014.  *See id.*

[16]   *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 19 (2d Cir. 2014) (quoting Fed. R. Civ. P. 56(c)) (some quotation marks omitted).  *Accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

[17]   *Windsor v. United States*, 699 F.3d 169, 192 (2d Cir. 2012), *aff'd*, 133 S. Ct. 2675 (2013) (quotation marks omitted).

matter of law."[18]  To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts,"[19] and "may not rely on conclusory allegations or unsubstantiated speculation."[20]

In deciding a motion for summary judgment, "[t]he role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried."[21]  "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'"[22]

### III.   APPLICABLE LAW

Section 515 of ERISA states:

---

[18]   *Coollick v. Hughes*, 699 F.3d 211, 219 (2d Cir. 2012) (citations omitted).

[19]   *Brown v. Eli Lilly & Co.,* 654 F.3d 347, 358 (2d Cir. 2011) (quotation marks and citations omitted).

[20]   *Id.* (quotation marks and citations omitted).

[21]   *Cuff ex rel. B.C. v. Valley Cent. Sch. Dist.*, 677 F.3d 109, 119 (2d Cir. 2012).

[22]   *Barrows v. Seneca Foods Corp.*, 512 Fed. App'x 115, 117 (2d Cir. 2013) (quoting *Redd v. New York Div. of Parole*, 678 F.3d 166, 174 (2d Cir. 2012)).

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.[23]

Section 502(g) of ERISA states that upon a finding of a violation of section 515, "the court shall award the plan —"

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of —
>   (i) interest on the unpaid contributions, or
>   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.[24]

In other words, the "special remedy against employers who are delinquent in meeting their contractual obligations that is created by § 502(g)(2) includes a mandatory award of prejudgment interest plus liquidated damages in an amount at

---

[23]   29 U.S.C. § 1145.

[24]   *Id.* § 1132(g).

7

least equal to that interest, as well as attorney's fees and costs."[25]

## IV.   DISCUSSION

Plaintiffs are entitled to summary judgment as a matter of law.  There is no genuine dispute of material fact concerning the validity of the Agreement.  Nor is there a genuine dispute of material fact under the Agreement — and therefore under section 515 of ERISA — defendant was obligated to pay fringe benefit contributions and to pay over union dues collected from employee wages.[26]  The Revised Audit, as corrected by plaintiffs to reflect a deduction of $755.55, is unrefuted and demonstrates the extent of the nonpayment.  Furthermore, pursuant to section 502(g) of ERISA, as well as Article VII, Section F of the Agreement, plaintiffs are also entitled to interest on unpaid contributions, reasonable attorney's fees, and costs and disbursements.

Plaintiffs note that defendant has attempted during the course of this litigation to rebut the findings in the Revised Audit.  However, defendant has not made a showing sufficient to raise a genuine dispute of material fact as to either plaintiffs' entitlement to payment or to the amount of that payment.  Similarly, while defendant claims in its Fifth Affirmative Defense that plaintiffs' "claims

---

[25]   *Laborers Health and Welfare Tr. Fund v. Advanced Lightweight Concrete Co., Inc.*, 484 U.S. 539, 547 (1988).

[26]   *See* Agreement Art. VIII §§ 1, 2.

should be dismissed to the extent the contributions as demanded . . . would be inconsistent with law," there is no evidence that the contributions are illegal or inconsistent with the law. Rather, the fringe benefits and union dues demanded are authorized pursuant to the Agreement and governing law.[27]

## V.  CONCLUSION

For the foregoing reasons, plaintiffs' motion is GRANTED. Defendant is liable to plaintiffs in the amount of $189,556.26. This includes $114,726.98 in unpaid fringe benefit contributions and unremitted dues, $28,447.01 in interest, $28,447.01 in statutory damages, and $11,707.26 in attorney's fees and costs. Plaintiffs shall submit a proposed Judgment by no later than March 2, 2015. The Clerk of the Court is directed to close these motions [Docket Nos. 28 and 37].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         February 18, 2015

---

[27]  LMRA section 302 specifically provides two exceptions to its general ban on an employer's payment of money or something of value to a labor organization — payment of union dues and fringe benefit contributions. The Court has reviewed defendant's other Affirmative Defenses and concludes that they do not preclude the entry of judgment in favor of plaintiffs.

- **Appearances** -

**For Plaintiffs:**

Cynthia Devasia, Esq.
Koehler & Isaacs LLP
61 Broadway
25th Floor
New York, NY 10006
(917) 551-1300

**Defendant (Pro Se):**

CAC of NY Inc.
164 Horton Ave.
Lynbrook, NY 11596